# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| MARTIN BETTWIESER, | Case No.: 1:15-CV-00493-EJL-REB |
| Plaintiff, | **REPORT AND RECOMMENDATION RE: DEFENDANT HERSCHEL HOWARD'S MOTION TO DISMISS** |
| vs. | |
| | **(Docket No. 9)** |
| BILLY GANS, aka WILLIAM GANS and BILLY GANTZ, KELLY KALBFLEISCH, HERSCHEL HOWARD, UNITED STATES POSTAL SERVICE, | **MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION TO STRIKE** |
| Defendants. | **(Docket No. 16)** |

Now pending before the Court are (1) Defendant Herschel Howard's Motion to Dismiss (Docket No. 9), and (2) Plaintiff's Motion to Strike (Docket No. 16).  Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Report and Recommendation as to Defendant Howard's Motion to Dismiss,  and Memorandum Decision and Order as to Plaintiff's Motion to Strike:

## I.  BACKGROUND

Plaintiff Martin Bettwieser, a rural letter carrier in the Boise, Idaho Post Office, initiated this action on October 20, 2015.  Plaintiff represents himself *pro se*.  He is in disagreement with the response of the United States Postal Service (the "USPS," a Defendant in this action) to his Freedom of Information Act ("FOIA") request.  Specifically, he contends:

> That Billy Gans (aka Billy Gantz)[1] was hand delivered a Freedom of Information Act Request and Privacy Act Request that was hand stamped for delivery and

---

[1]  Mr. Gantz is another Defendant in this action and, according to Mr. Bettwieser, "is the "Station Manager and FOIA officer at the 5-mile station in Boise, Idaho."  Compl., ¶ III (Docket No. 1).

**REPORT AND RECOMMENDATION/ MEMORANDUM DECISION AND ORDER - 1**

delivered on July 27, 2015. A 30 day request time was asked for to view and copy the requested information. No written or oral response was issued or given to the Plaintiff in that time frame.

The Plaintiff mailed a certified letter to Billy Gantz, clearly stating FOIA Officer on the face of the envelope on September 03, 2015 with a letter asking if there were any problems processing the FOIA request and allowing an additional 10 working days to respond to the request. (Exhibit 1).

The certified letter was delivered to an agent on September 05, 2015. On September 10, 2015, the letter was placed unopened in my work area, endorsed "Refused." On that date I asked Billy Gantz if it was he that endorsed the letter and he said he did. I asked him if he would date it but he refused. I asked him why he refused it and would not date or acknowledge that question and walked off.

Compl., ¶¶ V-VII (Docket No. 1).

Defendant Herschel Howard is a USPS rural letter carrier. Howard also serves in an official union capacity as an Assistant District Representative in the Salt Lake City District for the National Rural Letter Carriers' Association ("NRLCA"), a labor union representing rural letter carrier bargaining unit employees of the USPS. *See* Mem. in Supp. of MTD, p. 2 (Docket No. 9, Att. 1). With respect to Defendant Howard, Plaintiff alleges:

I have also asked for union time with Herschel Howard from Kelly Kalbfleisch, in writing, to initiate a step one grievance on several occasions and have been denied union access and time or the grievance process. Herschel Howard has refused to represent me without giving any basis or reasoning from both Billy Gans or Herschel Howard.

That the information requested may expose fraudulent statements and or actions by Kelly Kalbfleisch and endorsed by Billy Gans and Herschel Howard.

Compl., ¶¶ VIII-IX (Docket No. 1). Though not immediately clear from the Complaint itself, Plaintiff appears to be alleging that, as a union official, Defendant Howard should have assisted him with his FOIA request.

Defendant Howard now moves to dismiss Plaintiff's Complaint, arguing that (1) this Court lacks jurisdiction over Plaintiff's claims against him because he cannot be held personally

**REPORT AND RECOMMENDATION/ MEMORANDUM DECISION AND ORDER - 2**

liable as a matter of law for any alleged breach of the duty of fair representation, and (2) Plaintiff

fails to state any cognizable claim against him.  *See generally* Mem. in Supp. of MTD, pp. 308

(Docket No. 9, Att. 1).[2]  The undersigned agrees and recommends that Plaintiff's Complaint

against Defendant Howard be dismissed.

## II.  REPORT/DISCUSSION

**A.      Defendant Howard's Motion to Dismiss (Docket No. 9)**

    1.      Legal Standards

        *a.      FRCP 12(b)(6)*

FRCP 8(a)(2) requires only "a short and plain statement of the claim showing that the

pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

While a complaint attacked by an FRCP 12(b)(6) motion to dismiss "does not need detailed

factual allegations," it must set forth "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do."  *Id.*

When reviewing a complaint under this Rule, all allegations of material fact are taken as

true and construed in the light most favorable to the nonmoving party.  *See Thompson v. Davis*,

295 F.3d 890, 895 (9th Cir. 2002).  "Factual allegations must be enough to raise a right of relief

above the speculative level, on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)."  *Bell*, 550 U.S. 544 at 555.  In other words, the complaint must plead

"enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  A claim has

_____

    [2]  Plaintiff also moves to strike various filings from Defendant Howard, arguing that they
were not signed in compliance with the Federal Rules of Civil Procedure.  *See generally* Mot. to
Strike (Docket No. 16).

**REPORT AND RECOMMENDATION/ MEMORANDUM DECISION AND ORDER - 3**

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See id*. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *See id*.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment."  *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).  The Ninth Circuit has held that "in dismissal for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  The issue is not whether the plaintiff will prevail but whether he "is entitled to offer evidence to support the claims."  *Hydick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

     *b.*       *FRCP 12(b)(1)*

FRCP 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction.  "It is a fundamental precept that federal courts are courts of limited jurisdiction . . . [and] limits upon federal jurisdiction . . . must be neither disregarded nor evaded."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  The plaintiff has the burden of establishing that subject matter jurisdiction is proper.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  "When considering a motion to dismiss for lack of subject matter jurisdiction, the court

**REPORT AND RECOMMENDATION/ MEMORANDUM DECISION AND ORDER - 4**

presumes the factual allegations of the complaint are true and draws reasonable inferences in favor of the non-moving party."  *Whisnaut v. U.S.*, 400 F.3d 1177, 1179 (9th Cir. 2005).  This tenet that allegations must be taken as true, however, does not extend to legal conclusions contained in the complaint.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

        2.      <u>Plaintiff Has Not Sufficiently Stated a Claim Against Defendant Howard Pursuant to FRCP 12(b)(6)</u>

      The factual allegations that undergird Plaintiff's "claim" against Defendant Howard are that: (1) "Herschel Howard has refused to represent me without giving any basis or reasoning from both Billy Gans or Herschel Howard"; and (2) "[T]he information requested may expose fraudulent statements and or action by Kelly Kalbfleisch and endorsed by Billy Gans or Herschel Howard."  Compl., ¶¶ VIII-IX (Docket No. 1).  From this, however, it is not immediately clear exactly what Plaintiff is alleging by way of his theory of liability concerning Defendant Howard. There is no reference to any statutory provision that would provide the Court with subject matter jurisdiction over any claims against Defendant Howard (assuming Plaintiff has even adequately explained what Defendant Howard is alleged to have done or not done); indeed, there is no legal or factual support for Plaintiff's "claim" whatsoever – whatever that "claim" may be.  In short, Plaintiff does not plead "enough facts to state a claim of relief [against Defendant Howard] that is plausible on its face."  *Bell*, 550 U.S. at 570.

      Typically, leave to amend accompanies a dismissal for failure to state a claim; this provides the opportunity for a plaintiff to once and for all provide the details from which a claim can be identified and a defense to that claim mounted.  *See supra*.  In this case, leave to amend would presumably allow Plaintiff to address Defendant Howard's arguments on the issue, including the following:

**REPORT AND RECOMMENDATION/ MEMORANDUM DECISION AND ORDER - 5**

Likewise, Plaintiff's claim that Defendant "Howard has refused to represent [him] without giving any basis or reasoning from both Bill Gans or Herschel Howard" is purely conclusory and unsupported by any evidence whatsoever. We are provided no context or explanation for why Plaintiff was allegedly prevented from meeting with his union steward to file a grievance. Nor does Plaintiff describe any specifics surrounding Defendant Howard's alleged refusal to represent him. Did Plaintiff actually ask Defendant Howard for representation? If so, did Defendant Howard actually say "no" to Plaintiff's request for representation, or did he simply refrain from acting? The Complaint is completely devoid of facts necessary to understand what Plaintiff asserts Defendant Howard did or did not do. Plaintiff's additional allegation that "the information requested may expose fraudulent statements and or actions by Kelly Kalbfleisch and endorsed by Billy Gans and Herschel Howard" is pure speculation. To assert that he might discovery information that sheds light on some fraud by a Postal Service manager does not create a cause of action, particularly where Defendant Howard is not alleged to be the maker or doer of fraudulent statements or acts.

Mem. in Supp. of MTD, p. 8 (Docket No. 9, Att. 1) (internal citations omitted). From the undersigned's reading of the Complaint, Plaintiff's claim against Defendant Howard is generally premised upon Defendant Howard's (as a union representative) purported failure to help Plaintiff with his apparently-thwarted FOIA request. Plaintiff's dilemma, however, is that for the reasons discussed below, such a claim cannot stand against Defendant Howard personally; as a result, Plaintiff's Complaint as to Defendant Howard cannot be saved by any amendment.

3.   <u>Dismissal is Proper Under FRCP 12(b)(1) Because This Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Claims Against Defendant Howard</u>

As Defendant Howard properly notes, "[t]o the extent that Plaintiff's claims against Defendant Howard attempt to allege a breach of the duty of fair representation, Plaintiff has failed to name the proper defendant." *Id*. at p. 3. This is because individual union officials cannot be held individually liable for breach of the duty of fair representation. *See id*. at pp. 3-4 (citing 39 U.S.C. § 1208(c) ("Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and

**REPORT AND RECOMMENDATION/ MEMORANDUM DECISION AND ORDER - 6**

against its assets, and shall not be enforceable against any individual member or his assets."); 29 U.S.C. § 185 (same); *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249 (1962) (endorsing notion that "union as an entity, like a corporation, should in the absence of agreement be the sole source of recovery for injury inflicted by it" and that "[t]his policy cannot be evaded or truncated by the simple devise of suing union agents or members . . . for damages for violation of a collective bargaining contract for which damages the union itself is liable.") (internal quotation marks and citation omitted); *Evangelista v. Inlandboatmen's Union of Pacific*, 777 F.2d 1390, 1400 (9th Cir. 1985) (recognizing "shield for individual union members in suits for breach of the duty of fair representation"); *Carter v. Smith Food King*, 765 F.2d 916, 920-21 (9th Cir. 1985) (affirming summary judgment in favor of union member, finding that "[i]t is well settled that section 301 provides the basis for an action for breach of the duty of fair representation only against a union as an entity, and not against individuals who happen to hold positions in that union."); *Peterson v. Kennedy*, 771 F.2d 1244, 1257 (9th Cir. 1985) (reading *Atkinson* as precluding "employees from maintaining a state tort claim against union officials in conjunction with a section 301 breach of duty claim against a union" and noting that "[o]ther )).

Plaintiff is no-doubt familiar with the jurisdictional limitations associated with bringing a claim against union representatives like Defendant Howard, having already attempted to do so in a previous legal action before this Court. *See, e.g.*, *Bettwieser v. NLRB Region 27*, Case No. 08-CV-78-S-BLW (D. Idaho, Dec. 15, 2008). In his prior case, Plaintiff attempted to assert claims for breaches of the collective bargaining agreement between the United States Postal Service and the Idaho Rural Letter Carriers Association (the "Union"), breach of the Union's duty of fair representation, due process violations, and failure of the National Labor Relations Board, Region

**REPORT AND RECOMMENDATION/ MEMORANDUM DECISION AND ORDER - 7**

27 to properly investigate and prosecute these alleged violations.  Plaintiff also named individual

Union officials as defendants.  Ultimately, U.S. District Judge William F. Downes (sitting by

special designation) granted the various federal defendants' motions to dismiss and, of particular

relevance here, ruled that individual liability could not lie against the individually-named Union

individuals.  *See id.* at p. 8 ("Nor may liability lie against the named Union officials in this case,

since they are not parties to the collective bargaining agreement at issue.") (citing *Atkinson*, 370

U.S. at 249).  Plaintiff's claims were dismissed without leave to amend.

  In short, there is no subject matter jurisdiction over the claims against Defendant

Howard.  Therefore, pursuant to FRCP 12(b)(1), Defendant Howard's Motion to Dismiss

(Docket No. 9) should be granted and Plaintiff's claims against Defendant Howard should be

dismissed.[3]

**B. Plaintiff's Motion to Strike (Docket No. 16).**

  Plaintiff objects to various filings from Defendant Howard.  *See* 11/25/15 Notice, p. 2

(Docket No. 11) ("It is further noted for the court and Clerks that the Plaintiff OBJECTS to the

various pleadings that have been filed on behalf of the individual, Herschel Howard, that are not

---

[3]  Plaintiff has only submitted a "Partial Response to Motion Dismiss" which discusses the need to secure other defendants' responses to the Complaint, but does not speak to Defendant Howard's jurisdictional arguments.  *See generally* Partial Resp. to MTD (Docket No. 12).  That is, Plaintiff's apparent issue with Defendant Howard (assuming he even has one) is independent of the requisite need for subject matter jurisdiction over Plaintiff's claims against Defendant Howard to begin with.  *See id.* at pp. 1-2 ("Therefore Bettwieser will give a full response to this motion after receipt of their filing to the summons but can state in the interim that the complaint calls for an investigation of the individuals, to see how they were acting, and in what capacity, that an accurate assessment for relief and or damages can be allocated (Complaint).  Without answering the complaint *it is unclear of what role Howard played or did not play to the complaint.*") (emphasis added).

**REPORT AND RECOMMENDATION/ MEMORANDUM DECISION AND ORDER - 8**

properly signed or just partially signed pursuant to FRCP 11(a), specifically Notice of

Appearances, Certificates of Service, Applications for Admission Pro Hac Vice, Motions and

Memorandums [sic] to Dismiss.") (capitalization in original).

Plaintiff now crystallizes this objection into a formal Motion to Strike.  *See* Mot. to Strike

(Docket No. 16).  Specifically, Plaintiff contends:

> The documents used the symbol "/s/" as the signature of the document, after review
> and research it is clear that in order to meet the criteria as a conformed signature for
> e-filings the documents must include a signature attestation in order to be valid.
> None of the documents have that attestation.  What is more disturbing is the fact that
> there has not even been a response defending its signature which would give the
> Plaintiff and the Court an understanding of why it will not sign and under what basis
> and why it considers the documents properly signed, that the court may review and
> or the Plaintiff reply.  Therefore absent a response or objection to the objection the
> court must strike.

*Id*. at p. 2.  Plaintiff is mistaken.

Local Civil Rule 5.1(j) addresses signatures when filing materials electronically.  *See*

Dist. Idaho Loc. Civ. R. 5.1(j) ("The electronic filing of any document by a Registered

Participant shall constitute the signature of that person for all persons provided in the Federal

Rules of Civil and Criminal Procedure.  For instructions regarding electronic signatures, refer to

the Electronic Case Filing Procedures.").  And, at Local Civil Rule 5.1(j)'s direction, the

Electronic Case Filing Procedures state in no uncertain terms:

> **Signatures and Verified Pleadings.**  The electronic filing of any document by a
> Registered Participant shall constitute the signature of that person for all purposes
> provided in the Federal rules.  Any document that must contain an original signature
> or requires verification under the federal rules or an unsworn declaration as provided
> in 28 U.S.C. § 1746, and any affidavits or other pleadings in which a person verifies,
> certifies, affirms or swears under oath or penalty of perjury concerning the truth of
> matters set forth in that pleading or document ("Verified Pleading") may be filed
> electronically by Registered Participants in the System.

**REPORT AND RECOMMENDATION/ MEMORANDUM DECISION AND ORDER - 9**

The correct procedure is to type /s/ and then your full name.  Another option is to place the /s/ on the signature line and type your complete name under the signature line.  For example:

> /s/ Jane Attorney
>
> or
>
> /s/ _____
> Jane Attorney

Dist. Idaho Elec. Case Filing Procedures, ¶ 13; *see also id*. at ¶ 2(F) ("**Electronic signature** refers to the fact that an electronic document is deemed signed when filed by an attorney, trustee, judicial officer, deputy clerk or other person authorized by the Court, using a valid CM/ECF login and password.") (emphasis in original).

The undersigned's review of the at-issue filings indicate that Defendant Howard's counsel has complied with Local Civil Rule 5.1(j).  Plaintiff's Motion to Strike is therefore denied.

### III.  RECOMMENDATION/ORDER

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant Howard's Motion to Dismiss (Docket No. 9) be GRANTED and Plaintiff's claims against Defendant Howard should be dismissed.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days. . ., unless the magistrate or district judge sets a different time period."  Additionally, the other party "may serve and file a response, not to exceed ten pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

**REPORT AND RECOMMENDATION/ MEMORANDUM DECISION AND ORDER - 10**

Additionally, based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike (Docket No. 16) is DENIED.



DATED:  **May 2, 2016**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**REPORT AND RECOMMENDATION/ MEMORANDUM DECISION AND ORDER - 11**