## UNITED STATES DISTRICT COURT
### DISTRICT OF IDAHO

| | |
|---|---|
| MARTIN BETTWIESER, | Case No.: 1:15-CV-00493-EJL-REB |
| Plaintiff, | **ORDER RE: PLAINTIFF'S MOTION TO RECONSIDER** |
| vs. | |
| | **(Docket No. 28)** |
| BILLY GANS, aka WILLIAM GANS and BILLY GANTZ, KELLY KALBFLEISCH, HERSCHEL HOWARD, UNITED STATES POSTAL SERVICE, | |
| Defendants. | |

Now pending before the Court is Plaintiff's Motion to Reconsider (Docket No. 28). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Order:

## I.  BACKGROUND

On May 2, 2016, the undersigned issued (1) a Report and Recommendation concerning Defendant Herschel Howard's Motion to Dismiss, and (2) a Memorandum Decision and Order concerning Plaintiff's Motion to Strike.  *See* 5/2/16 Order & Rpt. and Recomm. (Docket Nos. 26 & 27).  Relevant here, the undersigned recommended that Defendant Howard's Motion to Dismiss be granted because (1) Plaintiff has not sufficiently stated a claim pursuant to FRCP 12(b)(6), and (2) this Court does not have subject matter jurisdiction over Plaintiff's claims against Defendant Howard.  *See id.* at pp. 5-8.

**ORDER - 1**

Plaintiff now moves to reconsider the undersigned's above-referenced recommendations, arguing in full:

> COMES NOW the Plaintiff, Martin Bettwieser and moves for this court to reconsider in Memorandum Decision of May 2, 2016 to not be final until after the response to the Federal Defendant's is presented too the this court so that review by the District Court may not be necessary.  Bettwieser basis this motion on the fact that only a partial response was made to the facts that were available at that time of the Defendant's Howards Motion to Dismiss and that all the facts are now available for a complete response to all the issues at hand.

> Therefore Bettwieser requests for an order to withhold finality of its Memorandum Decision and to reconsider that decision until after review of Plaintiff's response and that any review by the District Court be extended.

Mot. to Recon., p. 1 (Docket No. 28).  It is assumed that Plaintiff is seeking reconsideration of the undersigned's Report and Recommendation concerning Defendant Howard's Motion to Dismiss; not the Memorandum Decision and Order concerning Plaintiff's Motion to Strike.

## II.  DISCUSSION

FRCP 59 is not intended to provide litigants with a "second bite at the apple."  *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).  Motions to reconsider are requests for an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  The high bar that movants must overcome to prevail on a motion for reconsideration reflects the courts "concerns for preserving dwindling resources an promoting judicial efficiency."  *Costello v. United States Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).

Reconsideration of a court's prior ruling is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling

**ORDER - 2**

law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted). If the motion to reconsider does not fall within one of these categories, it must be denied.

Here, Plaintiff's interest in adding argument to the record by way of his opposition to another, currently-pending motion to dismiss, ignores the reality that subject-matter jurisdiction does not exist as to Defendant Howard. That is to say, any "newly discovered evidence" presented via Plaintiff's opposition to a different motion does not change the fact that this Court does not have subject-matter jurisdiction over Defendant Howard. *See* 5/2/16 Order & Rpt. and Recomm., p. 6 (Docket Nos. 26 & 27) ("This is because individual union officials cannot be held individually liable for breach of the duty of fair representation.").[1] Accordingly, the undersigned with deny Plaintiff's Motion to Reconsider, allowing U.S. District Judge Edward J. Lodge to take up the Report and Recommendation in due course pursuant to Idaho Local Civil Rule 72.1(b)(2) and FRCP 72(b).[2]

///

///

///

------

[1] The undersigned stated as much already when considering Plaintiff's partial response to the at-issue motion to dismiss. *See* 5/2/16 Order & Rpt. and Recomm., p. 8, n.3 (Docket Nos. 26 & 27) ("Plaintiff has only submitted a 'Partial Response to Motion Dismiss' which discusses the need to secure other defendants' responses to the Complaint, but does not speak to Defendant Howard's jurisdictional arguments. That is, Plaintiff's apparent issue with Defendant Howard (assuming he even has one) *is independent of the requisite need for subject matter jurisdiction over Plaintiff's claims against Defendant Howard to begin with*.") (internal citations omitted, emphasis added).

[2] The Court notes that Plaintiff has not formally lodged an objection to the Report and Recommendation, but has filed a response to the currently-pending motion to dismiss.

**ORDER - 3**

### III.  <u>ORDER</u>

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to

Reconsider (Docket No. 28) is DENIED.



DATED:  **August 25, 2016**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**ORDER - 4**