UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARTIN BETTWIESER,<br><br>                Plaintiff,<br><br>     v.<br><br>BILLY GANS, aka WILLIAM GANS, and BILLY GANTZ, KELLY KALBFLEISCH, HERSCHEL HOWARD, UNITED STATES POSTAL SERVICE,<br><br>                Defendants. | Case No. 1:15-CV-00493-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

On May 2, 2016, Chief United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that Defendant's Motion to Dismiss be granted. (Dkt. 27.)[1] Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1)*; Local Civil Rule 72.1(b)*. The

---

1 Chief Magistrate Judge Bush also issued an Order denying the Plaintiff's Motion to Strike. (Dkt. 26, 27.)

district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). The Plaintiff has not filed objections to the Report but did file a Motion for Reconsideration which has been denied. (Dkt. 28, 34.) The matter is now ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

The Court has reviewed the entire Report as well as the record in this matter for clear error on the face of the record and none has been found. The Court has also conducted a *de novo* review of the Report in light of the Plaintiff's Motion for Reconsideration and other filings and concludes the Report is correct. This review was undertaken with the Court being mindful that the Plaintiff is a *pro se* litigant and, as such, the filings and motions are construed liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). That being said, while *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse him or her from complying with the procedural and substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). Applying these principles here, this Court is in agreement with the reasoning and conclusion of the Report.

## DISCUSSION

The full procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. (Dkt. 27.) The Plaintiff, Martin Bettwieser, filed the Complaint *pro se* in this matter raising claims relating to his Freedom

of Information Act (FOIA) request. (Dkt. 1.) The named Defendants are Billy Gans, Kelly Kalbfleisch, Herschel Howard, and the United States Postal Service. Defendant Howard filed the instant Motion to Dismiss based on lack of subject matter jurisdiction and failure to state a claim. (Dkt. 9.)[2] The Report agrees and recommends that this Court grant the Motion and dismiss the claims against Defendant Howard. (Dkt. 27.)

This Court finds the Report accurately states the applicable law and appropriately applies that law to the facts in this case. In particular, the Court agrees with the Reports reasoning, analysis, and conclusion that there is no subject matter jurisdiction over the claims against Defendant Howard, as a union representative, under 39 U.S.C. § 1208(c). (Dkt. 27.) The Court has considered the Plaintiff's argument made in various filings that additional responses from the Defendants are needed before a complete response to the Motion to Dismiss can be made. (Dkt. 12, 28.) This Court has reviewed all of the Plaintiffs filings including those made as to Defendant Howard's Motion to Dismiss as well as the United States Postal Service's Motion to Dismiss. Having done so, the Court concludes that the Report and the Magistrate Judge's Order denying Plaintiff's Motion to Reconsider properly addressed that argument and correctly concluded that Plaintiff's filings do not cure the lack of subject-matter jurisdiction as to Defendant Howard. (Dkt. 27, 34.) In addition, this Court notes that where, as here, a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (internal quotation marks and citation omitted). The Plaintiff in

---

2  A separate Motion to Dismiss has been filed by the United States Postal Service. (Dkt. 22.)

this case has not made this showing. For all of these reasons, the Court agrees with the Report and will adopt the same. The Motion to Dismiss is granted.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on May 2, 2016 (Dkt. 27) is **ADOPTED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Dkt. 9) is **GRANTED** and the Complaint is **DISMISSED** as to **ALL CLAIMS** against Herschel Howard.

DATED: August 31, 2016

_____
Edward J. Lodge
United States District Judge