# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| MARTIN BETTWIESER,<br><br>Plaintiff,<br><br>vs.<br><br>BILLY GANS, aka WILLIAM GANS and BILLY GANTZ, KELLY KALBFLEISCH, HERSCHEL HOWARD, UNITED STATES POSTAL SERVICE,<br><br>Defendants. | Case No.: 1:15-cv-00493-EJL-REB<br><br>**REPORT AND RECOMMENDATION RE: U.S. POSTAL SERVICE'S MOTION TO DISMISS**<br><br>**(Docket No. 22)**<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION FOR ADDITIONAL FINDINGS/RULINGS**<br><br>**(Docket No. 36)** |

Now pending before the Court are (1) Defendant U.S. Postal Service's Motion to Dismiss (Docket No. 22), and (2) Plaintiff's Motion for Additional Findings/Rulings (Docket No. 36). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Report and Recommendation as to Defendant U.S. Postal Service's Motion to Dismiss, and Memorandum Decision and Order as to Plaintiff's Motion for Additional Findings/Rulings:

## I. BACKGROUND

Plaintiff Martin Bettwieser, a rural letter carrier in the Boise, Idaho Post Office, initiated this action on October 20, 2015. Plaintiff represents himself *pro se*. He is in disagreement with the response from Defendant U.S. Postal Service ("USPS") to his Freedom of Information Act ("FOIA") request. Specifically, he contends:

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 1**

> That Billy Gans (aka Billy Gantz)[1] was hand delivered a Freedom of Information Act Request and Privacy Act Request that was hand stamped for delivery and delivered on July 27, 2015. A 30 day request time was asked for to view and copy the requested information. No written or oral response was issued or given to the Plaintiff in that time frame.
>
> The Plaintiff mailed a certified letter to Billy Gantz, clearly stating FOIA Officer on the face of the envelope on September 03, 2015, with a letter asking if there were any problems processing the FOIA request and allowing an additional 10 working days to respond to the request. (Exhibit 1).
>
> The certified letter was delivered to an agent on September 05, 2015. On September 10, 2015, the letter was placed unopened in my work area, endorsed "Refused." On that date I asked Billy Gantz if it was he that endorsed the letter and he said he did. I asked him if he would date it but he refused. I asked him why he refused it and would not date or acknowledge the question and walked off.
>
> . . . .
>
> Bettwieser has made every effort, to the agency, through the individuals to respond to his FOIA request. It is not clear whether the individual defendant's are acting on there own volition by refusing to respond to the FOIA request, and even going farther as to deny the grievance process, or if they are acting on behalf of the agency (Postal Service). Therefore this court can take jurisdiction under the Freedom of Information Act, specifically *U.S.C. Section 552a(g)(1)* and *39 CFR 265.7* because all administrative procedures have been exhausted as being futile. Further more grievance procedures are even futile with the individuals. . . . .

Compl., ¶¶ V-VII, Claim for Relief, p. 3 (Docket No. 1) (emphasis in original). Accordingly, as to Defendant USPS itself, Plaintiff requests that "the court compel the agency by order to answer his FOIA Request and to produce as requested" and "order sanctions and/or an investigation of the . . . agency and/or those responsible for intentional non-compliance to the FOIA request." *Id.* at Claim for Relief, pp. 3-4.

Defendant USPS seeks dismissal of Plaintiff's Complaint under FRCP 12(b)(1), arguing that, like Plaintiff's other FOIA-related action before this Court, Plaintiff's claims against it

---

[1] Mr. Gantz is another Defendant in this action and, according to Plaintiff, "is the Station Manager and FOIA officer at the 5-mile station in Boise, Idaho." Compl., ¶ II (Docket No. 1).

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 2**

should be dismissed here because this Court does not have subject matter jurisdiction over Plaintiff's FOIA and Privacy Act claims, given (1) USPS never received a request for records, and, alternatively, (2) Plaintiff failed to exhaust his administrative remedies in any event. *See generally* USPS Mem. in Supp. of MTD, pp. 4-11 (Docket No. 22, Att. 1). Moreover, USPS moves to dismiss Plaintiff's Complaint against its employees under FRCP 12(b)(6), arguing that individual postal service employees cannot be held civilly liable as a matter of law for any alleged violations of FOIA or the Privacy Act. *See id*. at pp. 11-15.

## II. REPORT/DISCUSSION

A.  **USPS's Motion to Dismiss (Docket No. 22)**

At the outset, it is difficult to determine whether Plaintiff's Complaint is a union-related grievance or one premised upon a mishandled records request under FOIA and/or the Privacy Act (or some combination of the two).[2] USPS's Motion to Dismiss speaks to the second of these two claims and this Report/Memorandum correspondingly follows.

1.  Legal Standards

    a.  *FRCP 12(b)(1)*

Rule 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. "It is a fundamental precept that federal courts are courts of limited jurisdiction . . . [and] limits upon federal jurisdiction . . . must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The plaintiff has the burden of establishing that subject

---

[2] This Court has already dismissed Plaintiff's claims against Defendant Herschel Howard, a USPS rural letter carrier who serves in an official union capacity as an Assistant District Representative in the Salt Lake City District for the National Rural Letter Carriers' Association – a labor union representing rural letter carrier bargaining unit employees of the USPS. *See* Rpt. & Recomm. and Orders (Docket Nos. 27, 34-35).

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 3**

matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "When considering a motion to dismiss for lack of subject matter jurisdiction, the court presumes the factual allegations of the complaint are true and draws reasonable inferences in favor of the non-moving party." *Whisnaut v. U.S.*, 400 F.3d 1177, 1179 (9th Cir. 2005). This tenet that allegations must be taken as true, however, does not extend to legal conclusions contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

        b.       FRCP 12(b)(6)

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Hence, although a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must nonetheless set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

When reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). "Factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell*, 550 U.S. 544, 555. In other words, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for mor than a sheer possibility that a defendant has acted unlawfully. *See id*. "Determining whether a complaint

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 4**

states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 662.

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). In our Circuit, when considering "dismissal for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether the plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Hydick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

2. Plaintiff's Allegations and This Court's Subject Matter Jurisdiction

USPS challenges this Court's subject matter jurisdiction over Plaintiff's FOIA and Privacy Act claims in two respects. First, USPS argues that it could not have improperly withheld records under FOIA and the Privacy Act because it never actually received a request for any such records. *See* USPS Mem. in Supp. of MTD, pp. 5-8 (Docket No. 22, Att. 1) ("In this case, the Postal Service has no record of receiving Plaintiff's alleged request for records, dated July 27, 2015. To the contrary, the Postal Service declarations clearly establish that the Postal Service did not receive or log Plaintiff's request into its FOIA Tracking System.") (citing Crum Decl. (Docket No. 22, Att. 3)). Second, USPS argues that Plaintiff's FOIA and Privacy Act claims must be dismissed for failure to exhaust administrative remedies. *See id*. At pp. 9-11 ("Here, there is no evidence from which to conclude that Plaintiff's alleged request met the requirements of [USPS's FOIA regulations]. . . . . Because the Plaintiff never properly initiated

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 5**

a FOIA request, his Complaint is subject to dismissal for failure to exhaust administrative remedies."). Neither argument, however, prevails as a matter of law and this procedural stage of the litigation.

Preliminarily, as a general rule, the trial court may not consider any evidence contained outside the pleadings without converting the motion to dismiss into one for summary judgment. *See* Fed. R. Civ. P. 12(d); *see also United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). There is an exception, in that the court "may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908 (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34[2] (3d ed. 1999)). And, the court may consider evidence upon which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document. *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994). Such documents may be treated as "part of the complaint, and thus [the court] may assume that its contents are true for purposes of a motion to dismiss . . . ." *Ritchie*, 342 F.3d at 908.

Here, USPS tethers its arguments to matters beyond the pleadings – namely, declarations from USPS employees, testifying about the existence of any actual FOIA request and, relatedly, the specifics surrounding any such request. *See generally* Gans & Crum Decls. (Docket No. 22, Atts. 2-3). Likewise, Plaintiff submits his own declarations on these subjects. *See generally* Gellert & Bettwieser Decls. (Docket No. 29, Att. 1). Accordingly, because the Court must

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 6**

consider matters outside the pleadings (and because the nature of such matters do not neatly fit within the exception to the general rule), USPS's Motion to Dismiss will be treated as a motion for summary judgment. In this light, the Court "must determine, viewing the evidence in the light most favorable to the nonmoving party and drawing all justifiable inferences in its favor, whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law." *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007).

    *a.*  *The Existence of an Actual FOIA Request*

  With the summary judgment standard a template to USPS's arguments, a dispute of material fact exists surrounding the existence of Plaintiff's alleged FOIA request and, thus, precludes dismissal premised upon USPS's first subject matter jurisdiction-related argument.

  On the one hand, USPS claims that there never was a July 27, 2015 FOIA request from Plaintiff – only a union grievance. For example, Mr. Gans, the Station Manager for USPS's Five Mile Station, testifies in relevant part:

> Over the years, Mr. Bettwieser has filed numerous grievances under the Union Contract and complained about the Post Service's management of the Five Mile Station. On or about July 27, 2015, following another incident where Mr. Bettwieser believed that Postal Management at the Five Mile Station was not following the Union Contract, Mr. Bettwieser handed me a handwritten piece of paper. The paper did not bear the caption "Freedom of Information Act Request" (or other comparable verbiage), that I can remember. Neither did I interpret, believe, or understand at that time that Mr. Bettwieser was attempting to submit a request for records under the FOIA and/or Privacy Act. Instead, I reasonably believed that he was attempting to initiate another grievance under the Union Contract, but was doing so improperly because he was circumventing the first step of the grievance process, which requires that he request something from his direct supervisor, not me. . . . .
>
> I did not retain a copy of the handwritten note referenced . . . above, but advised Mr. Bettwieser that if he had issues with Postal Service management, he needed to submit a grievance to and/or work through his Union Steward. The morning supervisor at the Five Mile Station has also repeatedly told Mr. Bettwieser to go through the channels as described in the Union Contract. At that time (and in the

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 7**

> cases of his prior grievances), I asked Mr. Bettwieser if he wanted to talk with the assigned Union Steward for the Five Mile Station. To the best of my recollection, Mr. Bettwieser declined my offer. He also declined to pursue his grievance with the Union Steward.
>
> I declined to accept or open a subsequent letter for Mr. Bettwieser, postmarked September 3, 2015 [(envelope attached as exhibit to Complaint)], because I believed that the letter was either an attempt to continue the grievance that Mr. Bettwieser improperly initiated on or about July 27, 2015, or yet another example of Mr. Bettwieser improperly attempting to circumvent the grievance process that is spelled out in the Union Contract.

Gans Decl., ¶¶ 6-8 (Docket No. 22, Att. 2). Similarly, Ms. Crump, a USPS Records Request Liaison, testifies in relevant part:

> In my capacity as the U.S. Postal Service's Records Request Liaison, I am responsible for monitoring and tracking records requests using the USPS FOIA Tracking System on a daily basis. Through this database, I can track all internal actions taken for a particular FOIA or Privacy Act request that is entered into the database.
>
> I can also determine when the Postal Service received a request and search for requests based on a requestor's name.
>
> After learning of the above-captioned lawsuit, I searched the USPS FOIA Tracking System database for records requests submitted to the U.S. Postal Service by Martin Bettwieser.
>
> Based on my search, the U.S. Postal Service has no record of receiving a request from Mr. Bettwieser at any time between July 1, 2015 and the present date.

Crump Decl., ¶¶ 8-11 (Docket No. 22, Att. 3).

Yet, on the other hand, such claims conflict with Plaintiff's own allegations supporting the notion that he did, in fact, make a FOIA request to USPS – those contained within his Complaint as well as his declaration. *See supra* (quoting Compl., ¶¶ V-VII, Claim for Relief, p. 3 (Docket No. 1)); *see also* Bettwieser Decl., ¶¶ 2-3 (Docket No. 29, Att. 1) ("That I drafted a Freedom of Information Act/Privacy Act Request addressed to Billy Gantz – FOIA Officer on July 25, 2015 after I verbally requested some information from Kelly Kalbfleisch and Ken Stites,

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 8**

supervisors at the 5-mile station in Boise, Idaho . . . . The original FOIA-Privacy Act Request was hand stamped with a copy by Mark Gellert on July 27, 2015 and was hand delivered to Billy Gans by him as I looked on."). These admittedly self-serving allegations do not stand alone, however; indeed, Plaintiff attempts corroboration by another USPS employee and Plaintiff's co-worker, Mark Gellert. *See* Gellert Decl., ¶ 3 (Docket No. 29, Att. 1) ("On July 27, 2015 Martin came to me to have me rubber stamp 2 items, an original and copy[3] of a Freedom of Information Act Request addressed to Billy Gans. The request was one page and open for viewing of the contents of the request. After doing so I hand delivered the request to Billy Gans in his office as Martin looked on.").

From this, an issue of material fact emerges. When viewing the evidence in favor of Plaintiff, there is an open question as to whether Plaintiff either (1) did not make a FOIA request (setting aside for the moment any issues surrounding USPS's claim that Plaintiff failed to exhaust his administrative remedies), or that (2) USPS never received that request. It is therefore recommended that USPS's Motion to Dismiss be denied in this respect.[4]

---

[3] For some reason, Plaintiff includes the subsequently-delivered September 3, 2015 letter (still sealed in an envelope) as an exhibit to his Complaint, but does not include this referenced "copy" of the alleged July 27, 2015 FOIA request as an exhibit to his Complaint or any other part of the record – at least not as far as the Court can tell from its own review of the record.

[4] Though recommending against dismissal at this time, the undersigned is aware that, in at least one other case within this District, Plaintiff was noted as being "well on his way to establishing an 'abusive and lengthy history' of vexatious litigation," warning Plaintiff "that sanctions, including requiring [him] to retain an attorney or seek leave of court before filing further employment related lawsuits, may eventually be necessary if his present trend continues." *Bettwieser v. NLRB, Region 27*, Case No. 1:08-cv-00078-BLW, Docket No. 60, p. 12 (D. Idaho Dec. 15, 2008). With this in mind, it would seem that an efficient avenue for resolving things in the short term is for Plaintiff to simply re-submit his alleged FOIA/Privacy Act request to USPS, beginning the process anew for everyone's benefit. *See* USPS Mem. in Supp. of MTD, p. 8, n.8 (Docket No. 22, Att. 1) (inviting Plaintiff to re-submit request in first instance and, depending on result, filing another FOIA-related lawsuit against USPS).

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 9**

> b. *Plaintiff's Exhaustion of Administrative Remedies*

USPS goes on to contend that, even assuming the existence of Plaintiff's FOIA request, Plaintiff failed to comply with USPS's FOIA regulations – in short, that Plaintiff failed to exhaust his administrative remedies. *See* USPS Mem. in Supp. of MTD, p. 9 (Docket No. 22, Att. 1) ("Where a FOIA requester fails to submit a request in accordance with the agency's published regulations, the FOIA claim is subject to dismissal for failure to exhaust administrative remedies."). In this regard, USPS relies primarily upon 39 C.F.R. § 265.7, which provides in relevant part:

> **(a)** *Submission of requests* –
>
> > **(1)** *Form and content of request.* To permit expeditious handling and timely response in accordance with the provisions of this part, a request to inspect or to obtain a copy of an identifiable Postal Service record must be in writing and bear the caption "Freedom of Information Act Request" or otherwise be clearly and prominently identified as a request for records pursuant to the Freedom of Information Act. A request must be clearly and prominently identified as such on the envelope or other cover. Requests for records, submitted by the public that are not labeled as Freedom of Information Act requests will be handled as FOIA requests when received by the appropriate Requester Service Center in accordance with paragraph (b) of this section, but they may be delayed in reaching the appropriate Requester Service Center. A Freedom of Information Act request must identify the record sought as completely as possible, by name, description, or subject matter, and be sufficient to permit the custodian to locate it with a reasonable effort. . . . .
>
> > **(2)** *To whom submitted.* A request must be submitted to the appropriate Freedom of Information Act (FOIA) Requester Service Center (RSC). If the FOIA is not known, an inquiry should be directed to the FOIA Requester Service Center, Privacy and Records Office, U.S. Postal Service, 475 L'Enfant Plaza SW., Washington, DC 20260, telephone (202) 268-2608. The FOIA RSC will either process the request or refer the request to the appropriate component or records custodians. The FOIA RSC will advise the requester of any such referral. A request that is not initially submitted to the appropriate FOIA RSC will be deemed to have been received by the Postal Service for purposes of computing the time for response in accordance with

paragraph (b) of this section at the time that it is actually received by the appropriate FOIA RSC or at the time the request is referred to the appropriate records custodians by a FOIA RSC, but in any case a request will be deemed to have been received no later than 10 days after the request is first received by a FOIA RSC. . . . .

39 C.F.R. § 265.7(a)(1-2). In turn, USPS argues that "there is no evidence from which to conclude that Plaintiff's alleged request met the requirements of 39 C.F.R. § 265.7(a)(1) because (1) Plaintiff has not attached a copy of the request to his Complaint or allege that the request bore the caption "Freedom of Information Act Request" (or other comparable verbiage); (2) Plaintiff has not described the records that were the subject of his alleged request; and (3) Plaintiff did not submit a request to the appropriate Requester Service Center in St. Louis, Missouri. USPS Mem. in Supp. of MTD, pp. 10-11 (Docket No. 22, Att. 1). These arguments are not convincing.

As to those arguments surrounding the particulars of Plaintiff's alleged FOIA/Privacy Act request (language used and records sought), they necessarily dovetail with those related to whether Plaintiff made a FOIA request at all and implicate, therefore, the reasons that call for denial of USPS's Motion to Dismiss concerning the existence of Plaintiff's FOIA request. *See supra*. The issue of whether the request was sufficiently made is similarly fraught with questions of material fact that, when construed in Plaintiff's favor, preclude summary judgment on these other, more specific bases as well.[5]

Finally, as to the contention that Plaintiff did not send his alleged FOIA request to the proper Requester Service Center, 39 C.F.R. § 265.7(a)(2) appears to contemplate such a circumstance (and permit a response) – at least insofar as computing response times. *See* 39

---

[5] Notably, Plaintiff's September 3, 2015 follow-up letter to Mr. Gans was unequivocally FOIA related – at least on its face. *See* Ex. to Compl. (Docket No. 1, Att. 1) (addressed to Billy Gantz as "FOIA Officer").

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 11**

C.F.R. § 265.7(a)(2) ("A request *that is not initially submitted to the appropriate FOIA RSC* will be deemed to have been received by the Postal Service for purposes of computing the time for response in accordance with . . . .") (emphasis added). But more importantly, Plaintiff says he was directed to submit his alleged FOIA request to Mr. Gans, *and* an altogether separate FOIA request of his was processed using the same steps. *See* Bettwieser Decl., ¶¶ 2 & 4 (Docket No. 29, Att. 1) ("*That I drafted a Freedom of Information Act/Privacy Act Request addressed to Billy Gantz – FOIA Officer on July 25, 2015 after I verbally requested some information from Kelly Kalbfleisch and Ken Stites, supervisors at the 5-mile station in Boise, Idaho and was instructed by the supervisors to formally request the information from Billy Gantz the station manager. . . . I have drafted a FOIA/Privacy Act previously in the past and hand delivered it to the station manager and they timely responded as well as supplied information to the given request.*") (emphasis added).

Again, in a summary judgment context, such circumstances prevent this Court from finding as a matter of law that Plaintiff failed to exhaust his administrative remedies or that such an argument cannot be viably defended, with such matters left to be resolved by the fact-finder. It is therefore recommended that USPS's Motion to Dismiss be denied in this respect.

       3.    <u>USPS Employee Liability Under FOIA and the Privacy Act</u>

In addition to the USPS, Plaintiff asserts claims against certain USPS employees. To the extent Plaintiff is attempting to hold these individuals liable for alleged violations of his rights under FOIA and/or the Privacy Act, USPS moves to dismiss those claims, arguing that federal agencies are the *only* proper party defendants for such claims. *See* USPS Mem. in Supp. of MTD, pp. 11-12 (Docket No. 22, Att. 1). The undersigned agrees. *See* 5 U.S.C. § 552(a)(4)(B)

(granting district courts "jurisdiction to enjoin *the agency* from withholding agency records improperly withheld from complainant") (emphasis added); *see also Drake v. Obama*, 664 F.3d 774, 786 (9th Cir. 2011) ("We agree with the District Court that FOIA does not apply to any of the Defendants because they are all individuals, not agencies."); *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985) ("The private right of civil action created by the [Privacy] Act is specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the statute do not apply against private individuals . . . ."); *Nelson v. United States*, 2015 WL 6501243, *4 (M.D. Pa. 2015) ("FOIA creates disclosure obligations for federal agencies, but does not impose individual liability on government personnel. Therefore, courts have consistently held that individual governmental officials are not properly named as defendants in FOIA lawsuits."); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) ("[T]he district court properly dismissed the named individual defendants because no cause of action exists that would entitle appellant to relief from them under the Privacy Act or FOIA. Both statutes concern the obligations of agencies as distinct from individual employees in those agencies.").[6] It is therefore recommended that USPS's Motion to Dismiss be granted in this respect.

B.  **Plaintiff's Motion for Additional Findings/Rulings (Docket No. 36)**

On May 2, 2016, the undersigned issued (1) a Report and Recommendation concerning Defendant Herschel Howard's Motion to Dismiss, and (2) a Memorandum Decision and Order

---

[6] Plaintiff's briefing suggests the possibility of a *Bivens* action as to the USPS employees. *See* Opp. to MTD, pp. 8-9 (Docket No. 29). However, such an argument is likewise without merit in the context of this action. *See Lamb v. Millennium Challenge Corp.*, 2017 WL 74690, *7 (D.D.C. 2017) (" . . . both the Privacy Act and FOIA constitute the type of comprehensive remedial scheme that precludes the creation of a *Bivens* remedy.").

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 13**

concerning Plaintiff's Motion to Strike. *See* 5/2/16 Order & Rpt. and Recomm. (Docket Nos. 26 & 27). To this end, the undersigned recommended that Defendant Howard's Motion to Dismiss be granted because (1) Plaintiff did not sufficiently state a claim pursuant to FRCP 12(b)(6), and (2) this Court does not have subject matter jurisdiction over Plaintiff's claims against Defendant Howard. *See id*. at pp. 5-8. Moreover, the undersigned ordered that Plaintiff's Motion to Strike be denied because Defendant Howard's counsel complied with Local Civil Rule 5.1(j). *See id*. at pp. 8-10.

Thereafter, Plaintiff filed a Motion to Reconsider. *See* Mot. to Recon. (Docket No. 28). It was apparent then that Plaintiff was seeking reconsideration of the Report and Recommendation concerning Defendant Howard's Motion to Dismiss, not the Memorandum Decision and Order concerning Plaintiff's Motion to Strike. *See* 8/2/16 Order, p. 2 (Docket No. 34). Now, through his Motion for Additional Findings/Rulings, Plaintiff claims to have moved for reconsideration of the Court's resolution of his earlier Motion to Strike (in addition to its resolution of Defendant Howard's Motion to Dismiss). *See* Mot. for Add'l Findings/Rulings, p. 2 (Docket No. 36) ("Bettwieser recognized that he created some ambiguity in his motion to reconsider but seeks this court's attention now for correction and additional findings for reconsideration on the Memorandum Decision on the Motion to Strike.").

As previously stated, FRCP 59 does not give litigants a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Motions to reconsider are requests for an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The high bar that movants must overcome to prevail on a motion for reconsideration reflects the courts "concerns

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 14**

for preserving dwindling resources an promoting judicial efficiency." *Costello v. United States Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).

Reconsideration of a court's prior ruling is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted). If the motion to reconsider does not fall within one of these categories, it must be denied. Here, there is no basis to depart from the undersigned's denial of Plaintiff's Motion to Strike. To be clear, the manner in which Defendant Howard's counsel signed documents filed with this Court complies with this District's Local Civil Rules. It is therefore ordered that Plaintiff's Motion for Additional Findings/Rulings is denied.

### III. RECOMMENDATION/ORDER

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant USPS's Motion to Dismiss (Docket No. 22) be DENIED, in part, and GRANTED, in part, as follows:

1. The Court will not dismiss Plaintiff's Complaint against USPS for lack of subject matter jurisdiction. In this respect, USPS's Motion to Dismiss is DENIED.

2. Plaintiff's FOIA and Privacy Act claims against individual USPS employees are dismissed. In this respect, USPS's Motion to Dismiss is GRANTED.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days. . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response,

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 15**

not to exceed ten pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

Additionally, based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Additional Findings/Rulings (Docket No. 36) is DENIED.

DATED: **February 1, 2017**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge