UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| MARTIN BETTWEISER,<br><br>Plaintiff,<br><br>vs.<br><br>BILLY GANS aka WILLIAM GANS and BILLY GANTZ, KELLY KALBFLEISCH, HERSCHEL HOWARD, and UNITED STATES POSTAL SERVICE,<br><br>Defendants. | Case No. 1:15-cv-00493-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |
|---|---|

**INTRODUCTION**

On February 1, 2017, Chief United States Magistrate Jude Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that the Defendant United States Postal Service's Motion to Dismiss (Dkt. 22) be denied in part and granted in part. (Dkt. 37.) More specifically, the Report recommended that the Motion to Dismiss be denied with respect to subject matter jurisdiction and granted with respect to the individual United States Postal Service ("USPS") employees. (*Id.* at p. 15). The result of such a ruling would allow Plaintiff to proceed with his Freedom of Information Act ("FOIA") and Privacy Act claims against the USPS but not the individual USPS employees named in Plaintiff's Complaint.

Any party may challenge the Magistrate Judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the Report.

28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b).

Both Plaintiff and the USPS filed objections to the Report arguing it erred in its conclusions and findings. (Dkts. 39, 40.) Both parties also filed responses to one another's objections. (Dkts. 41, 42.) In addition, Plaintiff filed a Reply in support of his objections. (Dkt. 43.) The matter is now ripe for this Court's consideration. Fed. R. Civ. P. 72; Local Civ. R. 72.1(b).

As explained more fully below, the Court will adopt the Report in part and reject it in part. The Court generally agrees with the Report's factual findings and adopts the Report's recommendation regarding the dismissal of the claims against the individual USPS employees. Nevertheless, the Court disagrees with the Reports conclusion as to the claims against the USPS and finds that all of the claims, including those against the USPS, should be dismissed as a matter of law.

Plaintiff has the burden of demonstrating that he made a valid FOIA request and exhausted his administrative remedies. Neither the Plaintiff's allegations in the Complaint nor the facts in the record are sufficient to support a reasonable inference that Plaintiff made a valid FOIA request delivered to the USPS consistent with USPS regulations. Accordingly, whether determined as a motion to dismiss based on the allegations in the

Complaint alone or converted to a summary judgment motion and taking into account all of the materials submitted by the Plaintiff in support of his claims, the Court finds that Plaintiff's claims fail as a matter of law and the Complaint must be dismissed in its entirety.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

Where, however, no objections are filed the district court need not conduct a *de novo* review. To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

The Court has reviewed the entire Report as well as the record in this matter for clear error on the face of the record and none has been found. The Court has also conducted a *de novo* review of the Report in light of the Objections and other filings in this case and finds as follows.

This review was undertaken with the Court being mindful that the Plaintiff is a *pro se* litigant and, as such, the filings and motions are construed liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). That being said, while *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse him or her from complying with the procedural and substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

**BACKGROUND**

The background facts of this case are well articulated in the Report and the Court incorporates them in this Order. (Dkt. 37.) The Plaintiff, Martin Bettwieser, filed the Complaint *pro se* in this matter asserting violations of FOIA and the Privacy Act. (Dkt. 1.) The named Defendants are Billy Gans, Kelly Kalbfleisch, Herschel Howard, and the USPS.

Plaintiff's claims are premised upon the Defendants' alleged failure to respond to his FOIA requests. More specifically, Plaintiff alleges:

- That Bill Gans (aka Billy Gantz) was hand delivered a [FOIA] Request and Privacy Act Request that was hand stamped for delivery and delivered on July 27, 2015. A 30 day request time was asked for to view and copy the requested information. No written or oral response was issued or given to the Plaintiff in that time frame.

- The Plaintiff mailed a certified letter to Billy Gantz, clearly stating FOIA Officer on the face of the envelope on September 03, 2015, with a letter asking if there were any problems processing the FOIA request and allowing an additional 10 working days to respond to the request. (Exhibit 1).

- The certified letter was delivered to an agent on September 05, 2015. On September 10, 2015, the letter was placed unopened in my work area, endorsed "Refused." On that date, I asked Billy Gantz if it was he that endorsed the letter and he said he did. I asked him if he would date it but he refused. I asked him why he refused it and would not date or acknowledge the question and walked off.

(Dkt. 1, ¶¶ V-VII.)

Plaintiff concludes that he has exhausted all administrative remedies related to the FOIA Requests. (Dkt. 1, p. 3.) In support of this conclusion, he alleges that he "has made every effort, to the agency, *through the individuals* to respond to his FOIA request." (Dkt. 1, p. 3)(emphasis added.)

For relief, Plaintiff seeks an order compelling the agency "to answer his FOIA Request and to produce as requested." (Dkt. 1, p. 4.) Plaintiff also seeks "sanctions and/or an investigation of the individuals and/or the agency and/or those responsible for non-compliance to the FOIA request." (Dkt. 1, p. 4.)

On March 18, 2016, the USPS filed the instant Motion to Dismiss. (Dkt. 22.) The USPS argues: (1) the Court does not have jurisdiction over Plaintiff's FOIA and Privacy Act claims because the USPS never received a request for records and Plaintiff failed to exhaust his administrative remedies and (2) Plaintiff has no right of action against the individually-named Postal Service employees, no cognizable claim for attorney's fees, and no right to recover monetary relief under FOIA. (Dkt. 22-1, p. 4.) Accordingly, the USPS requests dismissal under Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 22-1, p. 4.)

In support of its Motion to Dismiss, USPS offers declarations from two USPS employees: William H. Gans and Linda K. Crump. (Dkts. 22-2, 22-3.) These declarations

are offered to support a finding that the USPS did not receive a valid FOIA request because it was not sent to a Requester Service Center.

Plaintiff filed an opposition to the USPS Motion to Dismiss. (Dkt. 29.) First, in his opposition, Plaintiff argues that in 2006, the Station Manager at the 5-Mile Station at that time responded to his FOIA and Privacy Act requests. (Dkt. 29, p. 1.) Second, Plaintiff requests the Court to convert the motion to dismiss into a summary judgment motion and allow discovery to proceed on the claims before making a decision on summary judgment. (Dkt. 29, p. 3.) Third, Plaintiff argues that the Court should enter default against the remaining individual Defendants, Gans and Kalbfleisch. (Dkt. 29, p. 3.) Fourth, Plaintiff suggests that the allegations in the Complaint give rise to or implicate constitutional violations, including violations of Plaintiff's rights under the Fifth and Fourteenth Amendments. (Dkt. 29, p. 3.) Fifth, Plaintiff argues that the United States Attorney does not have standing to represent the individual Defendants. (Dkt. 29, p. 4.) Sixth, Plaintiff argues that he hand-delivered the FOIA requests to Gans and "there is a material issue of fact . . . as to whether the Postal Service received the FOIA/Privacy Act request and whether there was a proper request."[1] (Dkt. 29, p. 6.) Seventh, Plaintiff argues that Linda Crump is not the only person that can accept or respond to a FOIA request on the basis that other USPS locations accepted his FOIA requests. (Dkt. 29, p. 6.) Eighth, Plaintiff argues that there is a dispute of fact as to whether he filed a FOIA request or grievance. (Dkt. 29,

---

1 Plaintiff further argues "[s]upplying the actual request is not relevant to the complaint as AUSA would like to argue and request for but should be unsealed in the presence of the court.") (Dkt. 29, p. 6.)

p. 7.) Ninth, Plaintiff argues that the individual Defendants can be held individually liable for FOIA and Privacy Act requests pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Dkt. 29, p. 8.)

On February 1, 2017, Chief United States Magistrate Judge Ronald E. Bush entered both: (1) a Report and Recommendation Re: U.S. Postal Service's Motion to Dismiss and (2) a Memorandum Decision and Order Re: Plaintiff's Motion for Additional Filings/ Rulings. (Dkt. 37.) The Report made two recommendations regarding the disposition of the USPS Motion to Dismiss (Dkt 22). (Dkt. 37, pp. 5-13.)

First, the Motion to Dismiss was converted into a motion for summary judgment for the purpose of resolving the Court's subject matter jurisdiction over the lawsuit. (Dkt. 37, p. 6.) The Court then determined two disputes of fact precluded fact precluded summary judgment on the subject matter jurisdiction issue. (Dkt. 37, pp. 7-12.) The first dispute of material fact concerned the existence of Plaintiff's alleged FOIA request and whether it was made or received. (Dkt. 37, pp. 7-9.) The second dispute of fact concerned Plaintiff's exhaustion of administrative remedies, in particular whether Plaintiff's request was sent to the proper Requester Service Center. (Dkt. 37, pp. 10-12.) The Report found these disputes of fact precluded summary judgment as a matter of law.

Second, the Report found, as a matter of law, that USPS employees cannot be held individually liable for alleged violations of rights under FOIA and/or the Privacy Act. (Dkt. 37, pp. 12-13.) Accordingly, the Report recommended dismissal of the claims against Defendants Gans and Kalbfleisch. (Dkt. 37, p.13.)

The Report also denied Plaintiff's Motion for Additional Filings/Rulings (Dkt. 36). (Dkt. 37, pp. 13-15.) The Court found no basis to reconsider its prior rulings. (Dkt. 37, pp. 13-15.)

USPS objects to the Report for two related reasons. First, the USPS objects to the Report arguing a summary judgment ruling at this stage in the litigation "places the case in limbo, effectively leaving the parties without a clear path to secure the just, speedy, and inexpensive determination of the above-captioned action." (Dkt. 39, p. 2.) Second, the USPS objects to the Report to the extent that the Plaintiff was not directed "to either file a copy of the disputed FOIA request with the Court or re-submit the request to the [USPS] in accordance with its [FOIA] regulations." (Dkt. 39, p. 2.)

Plaintiff objects to the Report on four bases: (1) it does not address the jurisdictional issues presented to it; (2) there was no summary judgment decision on the merits after a notice and hearing; (3) there was no order compelling the USPS to reply to the FOIA request; and (4) dismissing the claims against the individuals was not proper or premature. (Dkt. 40.) Further, from this briefing, it would appear that Plaintiff is waiting to produce the FOIA requests so he can open the sealed envelopes in open court. (Dkt. 40, p. 2.)("In this case the court did not give notice or hold a hearing, had there been a hearing the sealed certified letters containing the contents of what the agency was refusing to accept could have been opened in the proper forum to reveal their contents to the court and defendants.")

Plaintiff also filed objections to the United States Magistrate Judge's May 2, 2016 Report and Recommendation. (Dkt. 40, p. 5.) Plaintiff objects to the May 2, 2016 Report's

disposition of his Motion to Strike and the recommendation that Defendant Howard's Motion to Dismiss be granted. (Dkt. 40, pp. 5-6.) Plaintiff argues that the decision dismissing claims against the individuals, including Howard, be reserved until he has had opportunity to conduct discovery and the summary judgment proceedings are finalized. (Dkt. 40, p. 7.) He also reiterates his argument that he should be allowed to proceed against the individuals under the authority of *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388. (Dkt. 40, p. 8.)

## DISCUSSION

### 1. All of Plaintiff's Claims Fail as a Matter of Law.

Plaintiff has neither alleged nor set forth sufficient facts in the record to support a finding that he made a valid FOIA request delivered to the USPS consistent with USPS regulations. This failure is fatal to all of his claims. Without a valid FOIA request, Plaintiff cannot demonstrate that he exhausted his administrative remedies or that he is otherwise entitled to relief.

The Court has considered Plaintiff's argument and the evidence he has submitted and finds that the allegations and proof provided are not sufficient to demonstrate that a valid request was made and delivered consistent with USPS regulations. Because a valid FOIA request delivered consistent with USPS regulations is a prerequisite to suit both in terms of jurisdiction as well as to support a claim that the USPS violated FOIA by refusing to respond to a valid FOIA request, Plaintiff's claims fail as a matter of law under Rules 12(b)(1), 12(b)(6), and 56.

**A. *The USPS Regulations Require Delivery to a Requester Service Center*.**

This Court assumes that Plaintiff's July 25, 2015 and September 3, 2015 letters were intended to constitute a FOIA request as opposed to a union grievance. However, that does not lead this Court to conclude the requests were, in fact, valid or delivered consistent with USPS regulations either upon hand delivery on July 25, 2015 or via certified mail on September 3, 2015 both directed to the Station Manager at 5-Mile Station.

As a preliminary matter, the Court cannot determine whether the FOIA request itself was valid, because it has not been submitted to the Court. On this basis alone, Plaintiff's claim fails as a matter of law, because the Court has no factual basis upon which to conclude the Plaintiff complied with USPS regulations relating to form, content, or submission. Furthermore, the Court has no means to determine: (1) what information was requested and (2) whether the Plaintiff is entitled to the information or relief he seeks.

Regardless, examination of the contents of the FOIA request at issue is not necessary because the Court also concludes that the FOIA requests were not delivered consistent with USPS regulations. The USPS FOIA regulations are clear: "[a] request must be submitted to the appropriate Freedom of Information Act (FOIA) Requester Service Center (RSC)." 39 C.F.R. § 265.7(a)(2).

Plaintiff fails to allege or prove that delivery to a Station Manager is consistent with these regulations. Moreover, the USPS has submitted affidavits identifying the two FOIA Requester Service Centers that might possibly apply to Plaintiff's requests and accept mailed FOIA requests. (Dkt. 22-2, ¶¶ 3-4, Dkt. 22-3, ¶¶ 3-4.) One of these FOIA Requester

Centers is in St. Louis, Missouri and the other is in Washington, DC. (*Id.*) Alternatively, requesters may also submit FOIA requests to the USPS online. (Dkt. 22-3, ¶ 6.)

If a requester is uncertain where to direct his USPS FOIA requests, the USPS regulations clearly outline a means of determining the correct FOIA Requester Service Center. "If the FOIA RSC is not known, an inquiry should be directed to the FOIA Requester Service Center, Privacy and Records Office." 39 C.F.R. § 265.7(a)(2); *see also* 39 C.F.R. § 265.4.

Plaintiff does not provide argument or evidence to support a finding that he sent his FOIA request to the appropriate USPS Requester Service Center. Rather, Plaintiff insists that hand delivering his request and resending it via certified mail to the Station Manager was sufficient under the law, because, in other instances, his FOIA requests have been received and processed when sent to Station Managers. (Dkt. 29-1, pp. 3-10, pp. 17-30.).

Based on the USPS regulations and as discussed more fully below, the Court concludes that Plaintiff's FOIA request was not delivered consistent with USPS regulations and was not directed to the correct agency officials. While some post office employees may elect to respond to FOIA requests or forward FOIA requests to the appropriate Requester Service Center, there is absolutely no legal basis for this Court to conclude that a Station Manager is legally required to accept delivery of a FOIA request. Accordingly, the Court finds that Plaintiff has failed to allege facts, or demonstrate facts, necessary to preclude judgment as a matter of law under Federal Rules of civil Procedure 12(b)(1), 12(b)(6), or Rule 56.

**B. *Rule 12(b)(1): Dismissal for Lack of Subject Matter Jurisdiction***

The USPS argues for dismissal of Plaintiff's claims as a matter of law on the basis that the Court lacks subject matter jurisdiction over this dispute because Plaintiff has failed to allege facts necessary to support a finding that he exhausted his administrative remedies. (Dkt. 22.) According to the USPS, the submission of a proper FOIA request is the first step a requester must take in order to exhaust his administrative records. (Dkt. 22, p. 5.) Without allegations or proof sufficient to support a finding that Plaintiff made a proper FOIA request, Plaintiff cannot demonstrate that he exhausted his administrative remedies under either FOIA or the Privacy Act. (Dkt. 22, pp. 5-6.)

Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the Court's subject matter jurisdiction. *Robinson v. United states*, 586 F.3d 683, 685 (9th Cir. 2009). A federal court is presumed to lack jurisdiction in a particular case unless the plaintiff makes a showing to the contrary. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir. 1981).

While on a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party, a court addressing a motion to dismiss for lack of subject matter jurisdiction is not necessarily restricted to the face of the pleadings. *Robinson*, 586 F.3d at 685. Rather, the Court may consider declarations or other evidence if necessary to resolve factual questions bearing on the jurisdictional issue without converting the motion into one for summary judgment.

*Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039, n.2 (9th Cir. 2003); *McCarthy v. United states*, 850 F.2d 558, 560 (9th Cir. 1988); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). If the court finds that it lacks subject matter jurisdiction, it must dismiss the action.

There is a circuit split as to whether the exhaustion requirement is a jurisdictional prerequisite or simply a jurisprudential doctrine. However, under existing Ninth Circuit precedent, "[e]xhaustion of a parties' administrative remedies is required under FOIA before that party can seek judicial review." *In Re Steele*, 799 F.2d 461, 466 (9th Cir. 1986). Only when administrative remedies are exhausted may a person not satisfied with an agency's response to document requests file a lawsuit seeking judicial review of the agency's response. *Id.*

To satisfy the exhaustion requirement, "[t]he complainant must request specific information in accordance with published administrative procedures . . . and have the request improperly refused before that party can bring a court action under FOIA." *In Re Steele*, 799 F.2d at 466. "Where no attempt to comply with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine." *Id.*

There is a reason behind the rule. "[T]he purpose underlying the exhaustion doctrine include the opportunity for the *agency* to exercise its discretion and expertise and the opportunity to make a record for the district court to review." *Id.* Further, "exhaustion is generally intended to prevent "premature interference with agency processes . . . afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise

. . . [or] compil[ing] a record which is adequate for judicial review." *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. 2003).

In this case, the Court finds the Plaintiff's failure to deliver a FOIA request to a Requester Service Center consistent with USPS regulations constitutes a failure to exhaust administrative remedies and therefore the Court is without subject matter jurisdiction to consider the claims. It would be contrary to the FOIA regulations to allow Plaintiff to open and present his FOIA request, for the first time, in a court proceeding. The process is in place to allow the agency to view the request and respond first before the Court will exercise its jurisdiction over the dispute. Accordingly, the Court finds that it lacks subject matter jurisdiction over the claims in the Complaint and they must be dismissed as a matter of law.

**C. *Rules 12(b)(6) and 56: Failure to State a Claim.***

Plaintiff's claims can also be resolved either as a motion to dismiss for failure to state a claim or as a motion for summary judgment. Fed. R. Civ. P. 12(b)(6), 56.

In his Complaint, Plaintiff has not alleged that he submitted his FOIA request to the appropriate FOIA Requester Service Center. Instead, he argues that he provided the FOIA request to his Station Manager. Taking Plaintiff's allegations as true, the Plaintiff has not stated a plausible claim. There is no legal basis for the Court to conclude that providing a FOIA request directly to a Station Manager constitutes delivery of the FOIA request. Accordingly, his Complaint fails on its face to state a legal claim.

Further, even if the Court considers matters beyond the pleadings, Plaintiff has failed to create a dispute of fact on this issue. Plaintiff argues that he sent FOIA requests directed to other Station Managers and received a response. Accordingly, he believes that he is entitled to a response to his FOIA request directed to Gans, the Station Manager at the Five Mile Station.

This argument fails as a matter of law. Even if some Station Managers choose to accept FOIA requests outside the regulatory framework and either respond to them or volunteer to forward them to the appropriate FOIA Requester Service Center, the Court cannot conclude, on light of the regulations, that doing so is required or otherwise in accordance with published administrative procedures. Instead, the USPS regulations are clear and provide a process to follow that calls for delivery to a Requester Service Center. 39 C.F.R. § 265.7(a)(2). Only when Plaintiff follows that process can he argue that he submitted a valid FOIA request and is entitled to a response.

**2. Claims Against Individual Defendants**

The Claims against the individual Defendants are also dismissed in light of the Court's analysis above. Without a valid FOIA request delivered pursuant to USPS regulations, Plaintiff has no FOIA or Privacy Act claims against any of the Defendants.

Nevertheless, the Court finds the Report (Dkt. 37) accurately states the applicable law and appropriately applies that law to the facts in this case in terms of the claims against the individual USPS employees. The Court has considered Plaintiff's objections to this aspect of the Report. (Dkt. 40, p. 4.) These arguments fail for three reasons.

First, contrary to Plaintiff's argument, the Report properly addressed the claims against the individual Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 37, pp. 4-5, 12.) The claims fail as a matter of law pursuant to the great weight of authority and neither facts proved nor alleged would change that outcome.

Second, the Complaint does not allege any constitutional violations. Plaintiff has alleged violations of FOIA and the Privacy Act. Such claims may be made against the federal agency alone. Individuals are not liable for FOIA or Privacy Act violations.

Third, there is no basis for a default judgment against these Defendants pursuant to Federal Rule of Civil Procedure 55 or any other rule. The employees' response to the Complaint, in the form of a motion to dismiss, was timely and appropriate. Fed. R. Civ. P. 12(a). In this case, the USPS and its employees are represented through the United States Attorney. This is also entirely appropriate. Finally, even if the response was late, which it was not, this Court would not issue a default judgment on the basis of a late response when the underlying claims lack merit.

In short, the Court adopts the Report as it pertains to the claims against individual USPS employees. These claims fail as a matter of law.

**3. The Court Will Not Reconsider Plaintiff's Motion to Strike or Dismissal of Defendant Howard.**

The only proper subject of the instant review are objections filed with regard to the February 1, 2017 Report (Dkt. 37.) The Court declines Plaintiff's invitation to review, again, Judge Bush's first Report and Recommendation. (Dkt. 27.) The Court has already

conducted such a review and adopted that Report in its entirety. Moreover, in light of the above analysis, such review and reconsideration is moot. Plaintiff has failed to state a claim against any Defendant.

## CONCLUSION

Plaintiff has failed to allege or provide any facts in the record necessary to support a finding that he made a valid FOIA request or otherwise exhausted his administrative remedies. As such, his claims fail as a matter of law. Plaintiff must submit his FOIA request in accordance with USPS regulations before this Court will exercise jurisdiction over these claims. The Court cannot effectively review an agency's action in responding to a FOIA request without: (1) a copy of the actual FOIA request and (2) providing the agency an opportunity to respond to the request in the first instance.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the report and Recommendation entered on February 1, 2017 is **ADOPTED IN PART AND REJECTED IN PART.**

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Dkt. 22) is **GRANTED** and Plaintiff's Complaint is dismissed in its entirety.

DATED: March 31, 2017

Edward J. Lodge
United States District Judge